UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                    Case No.:       8:16-bk-11003-CPM
                                          Chapter:        13
Michael Fiorucci,                                         *closed case*
         Debtor.                                          *Jurisdiction retained*
_____/

## UNITED STATES TRUSTEE'S AMENDED[1] MOTION FOR DISGORGEMENT OF THE FEES PAID TO RICHARD VICTOR ELLIS, HAUSBURG & ELLIS, P.A., AND/OR RICHARD V. ELLIS, P.A. AS ATTORNEY AND DEBT RELIEF AGENCY AND MOTION CIVIL PENALTY AND SUSPENSION OF ATTORNEY RICHARD V. ELLIS FROM THE PRACTICE OF LAW BEFORE THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA FOR HIS CONTEMPT OF A PRIOR COURT DISCIPLINARY ORDER

Guy G. Gebhardt, Acting United States Trustee for Region 21, by and through his duly authorized Trial Attorney, moves[2] this Honorable Court for disgorgement of all fees and expenses paid to Richard Victor Ellis, Hausburg & Ellis, P.A., and Richard V. Ellis, P.A., as counsel for the Debtor and as Debt Relief Agency(ies), ("Respondents"), and for the suspension of Attorney Ellis for his contempt of a prior court disciplinary order, pursuant to 11 U.S.C. §§ 105, 329, 526, 707(b)(4)(C & D), Fed. R. Bankr. P. 2017, 9011, and 9020.

In support thereof, the United States Trustee presents this Amended Motion in the following outline:  (1) jurisdiction; (2) facts; (3) violations; and (4) remedies.

---

[1] Due to the Admitted Facts, (Doc. No. 63), the United States Trustee has amended his original Motion, (Doc. No. 19), *in toto*, to comport with the present state of discovery and evidence.

[2] The United States Trustee preserves and does not waive his right to raise and be heard on any issue at hearing or by subsequent amendment after additional discovery or to conform to the evidence at trial.

## I.      JURISDICTION

*Jurisdiction, Venue, Authority, Standing, and Consent to Judgment*

1.      On March 15, 2017, this Court entered an order dismissing the chapter 13 case[3] and retaining jurisdiction over this contested matter.  Order (Doc. No. 38).

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334 and the standing order of reference.  Venue of this action is proper pursuant to 28 U.S.C. §§ 1408, and 1409.

3.      This action constitutes a contested matter in accordance with 28 U.S.C. § 157(b)(2)(A & B) and Fed. R. Bankr. P. 2017, 9011, and 9014.

4.      Historically, the United States Supreme Court has held that federal courts possess the inherent authority to regulate the attorneys appearing before them as officers of the court, through reprimand, suspension, disbarment, or other proper discipline.[4]

5.      The Eleventh Circuit Court of Appeals likewise adopts the holding that its lower federal courts, including its bankruptcy courts, possess the power to impose discipline upon attorneys admitted to appear before them.[5]

6.      After Congress enacted the Bankruptcy Abuse and Consumer Protection Act of 2005, the Eleventh Circuit Court of Appeals gave clear guidance to its lower federal courts, including its bankruptcy courts, that 11 U.S.C. § 526(c)(5) conferred a statutory basis for the disbarment of an attorney as a means to regulate and discipline its officers of the court.[6]

---

[3] On March 14, 2017, the Respondent, on behalf of Dr. Fiorucci, filed a Notice of Voluntary Dismissal, (Doc. No. 37), in accordance with 11 U.S.C. § 1307(b) and Federal Rule of Bankruptcy Procedure 1017(f)(2).
[4] *In re Synder*, 472 U.S. 634, 643, 105 S. Ct. 2874 (1985)("Courts have long recognized an inherent authority to suspend or disbar lawyers.  This inherent power derives from the lawyer's role as an officer of the court which granted admission.");
[5] *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009)("Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys.").
[6] *In re Parker*, 485 Fed. Appx. 989, 992 (11th Cir. 2012)(A bankruptcy court's "authority [to sanction attorneys] include[s] the authority to disbar.").

7.      The United States Supreme Court has reaffirmed that its lower federal courts:

> possess certain "inherent powers," not conferred by rule or statute, "to
> manage their own affairs so as to achieve the orderly and expeditious
> disposition of cases," [including] "the ability to fashion an appropriate
> sanction for conduct which abuses the judicial process."[7]

8.      This Court however does not rest upon the United States Supreme Court's or the

Eleventh Circuit Court of Appeals' grant of inherent authority to discipline attorneys as officers

of the court.  Rather, this Court, like many of its federal court brethren, has elected to channel

this Court's authority to regulate attorneys by specific rules governing attorney discipline.

      a.   The United States Bankruptcy and District Courts for the Middle District of

           Florida promulgated and adopted Bankruptcy Local Rules 2090-1 and 2090-2

           to provide specific rules conferring authority to this Court to regulate

           attorneys appearing before it.[8]

      b.   Bankruptcy Local Rule 2090-2 confers upon this Court the power to discipline

           attorneys, including but not limited to:  reprimand, temporary suspension,

           permanent suspension, or such other discipline as proper.

      c.   In furtherance of this disciplinary role, this Court has further adopted the

           Rules Regulating the Florida Bar to assist this Court with the regulation and

           supervision of attorneys appearing before it.[9]  That adoption also includes the

           Rules Regulating the Florida Bar 3-1.1 *et seq.* – Rules of Discipline and the

           Florida Standards for Imposing Lawyer Sanctions.

9.      The United States Trustee has standing to appear and be heard in this action

pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 307.

---

[7] *Goodyear Tire & Rubber Co. v. Haeger*, -- U.S. --, 137 S. Ct. 1178, 1186 (2017)(citations omitted).
[8] *See* Fed. R. Bankr. P. 9029.
[9] Bankruptcy Local Rule 2090-1(d); *see also* District Local Rule 2.04(d).

10.    The issues arising in any open bankruptcy case constitute a core proceeding.  But due to potential issues arising from closed bankruptcy cases, this contested matter constitutes both core and non-core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A & B).  The United States Trustee consents to the Bankruptcy Court entering final orders and judgments.  Alternatively, the United States Trustee does not object to any decision rendered by the Bankruptcy Court being adjudicated as a report and recommendation to the United States District Court for the Middle District of Florida.

## II.    FACTS

*Admitted Facts*

11.    On February 28, 2017, the United States Trustee commenced a contested matter by filing his original Motion for Disgorgement of the Fees Paid to Richard Victor Ellis, as Attorney and Debt Relief Agency.  (Doc. No. 19).

12.    On April 11, 2017, and in accordance with Federal Rule Bankruptcy Procedure 9014(c), *applying* Bankruptcy Rule 7036, *applying* Federal Rule of Civil Procedure 36 to contested matters in bankruptcy and Bankruptcy Local Rule 7026-1(b), the United States Trustee propounded a Request for Admissions upon the Respondents.

13.    The Respondents did not request additional time to serve a response or objection.

14.    The Respondents did not serve a response or objection upon the United States Trustee within the time provided by Rule 36.[10]

15.    Accordingly, the facts contained in the United States Trustee's Request for Admissions are admitted and "conclusively established."  Rule 36(a)(3) and (b).

---

[10] On June 14, 2017, the Respondents filed an Answer to the Admitted Facts, (Doc. No. 66), that is neither timely under nor comports with the Respondents responsibilities under Civil Rule 36.

16.     On May 17, 2017, the United States Trustee filed the Admitted Facts.[11]  And the Respondents have not objected to the Admitted Facts.  In light of the Admitted Facts, with the filing of this Amended Motion, the United States Trustee amends his original Motion, (Doc. No. 19), to comport the facts and the relief requested with the evidence as presented through this Amended Motion and the Admitted Facts.  Those Admitted Facts, (Doc. No. 63), are adopted as if stated *in haec verba*.

### *Respondents*

17.     Richard V. Ellis is an attorney admitted and licensed to practice law in the State of Florida, under Fla. Bar No. 288322.[12]  His principal place of business is at 3202 North Tamiami Trail, Sarasota, Florida 34234-5862.

18.     Hausburg & Ellis, P.A. is not an entity registered with the Florida Secretary of State and is not eligible to conduct business in the State of Florida.[13]

19.     Richard V. Ellis, P.A., is an entity registered with the Florida Secretary of State and is eligible to conduct business in the State of Florida.[14]

### *Prior Disciplinary Order of this Court*

20.     Due to the Respondents neither conducting a reasonable inquiry nor exercising reasonable care in investigating, drafting, preparing, and ensuring disclosure of all prior bankruptcy case filings, on June 29, 2012, the United States Bankruptcy Court for the Middle District of Florida entered a disciplinary order, ("*Wallace*" Order), requiring the Respondents:

---

[11] Admitted Facts, (Doc. No. 63).
[12] *Id.*
[13] *Id.*
[14] *Id.*

to conduct nationwide PACER Case Locator searches on each and every bankruptcy clients' social security number(s) prior to filing a bankruptcy petition…[15]

21.     This Court's *Wallace* Order is final and unappealable.[16]

22.     The Respondents have not sought any relief from the prospective compliance mandated by the *Wallace* Order.[17]

*Limited Review of Respondents' Bankruptcy Case Filings*

23.     The United States Trustee conducted a "Limited Review" of cases filed by the Respondents between January 1, 2016 and April 10, 2017.[18]   The Limited Review period encompasses this instant case.

24.     In the Limited Review period, the evidence establishes that Respondents knowingly failed to comply with the *Wallace* Order in at least 18 cases wherein the debtors had actual prior bankruptcy case filings within the last eight years, which were not disclosed in subsequent bankruptcy case filings.[19]

     a.   Between January 1, 2017 and April 10, 2017, the Respondents filed 21 bankruptcy cases on behalf of clients;

        i.   of those 21 bankruptcy cases, three cases had prior bankruptcy case filings by the client within the last eight years; and

        ii.   in two of those three serially filed cases, the Respondents failed to exercise reasonable care in investigating, drafting, preparing, and

---

[15] Id., *see also In re Wallace*, *unpub. opin.* Doc. No. 32, 9:12-bk-07216-JPH (Bankr. M.D. Fla., June 29, 2012)(Hopkins, J.), attached to this Amended Motion as Exhibit 1.

[16] Admitted Facts, (Doc. No. 63).

[17] *Id.*

[18] In accordance with Federal Rule of Evidence 403, the United States Trustee preserves and does not waive his right to present cumulative probative evidence of the Respondents' bankruptcy case filings from June 29, 2012 through current.  But such evidence may well be substantially outweighed by the danger of unfair prejudice or needlessly cumulative under the facts as conclusively established herein.  Admitted Facts (Doc. No. 63).

[19] Admitted Facts, (Doc. No. 63).

filing the clients' 2017 bankruptcy petitions in that all prior bankruptcy case filings within the last eight years were not disclosed.[20]

    b.   Between January 1, 2016 and December 31, 2016, the Respondents filed 87 bankruptcy cases on behalf of clients;

         i.   of the 87 bankruptcy cases, 19 cases had prior bankruptcy case filings by the client within the last eight years; and

        ii.   in 16 of those 19 serially filed cases, the Respondents failed to exercise reasonable care in investigating, drafting, preparing, and filing the clients' 2017 bankruptcy petitions in that all prior bankruptcy case filings within the last eight years were not disclosed.[21]

25.     The Respondents have presented no evidence of compliance with the *Wallace* Order in any of the 108 bankruptcy cases they filed in the Limited Review period.[22]

*Four Specific Cases Filed Between December 30, 2016 and April 10, 2017*

*A.  Respondents' Actual Knowledge by Prior Serial Representation of the Debtor*

26.     Without regard to compliance with the *Wallace* Order, the Respondents knowingly disregarded their own actual knowledge of prior bankruptcy case filings for debtors.

27.     The Respondents represented and filed two (2) bankruptcy cases for the debtor, Alyce Jurgens-Schenk, in 2015 and 2017, wherein Ms. Jurgens-Schenk executed her voluntary petitions under penalties of perjury.

---

[20] *Id.*
[21] *Id.*
[22] Evidence of compliance with this Court's *Wallace* Order would be proof of conducting a PACER Nationwide Case Locator search on each clients' social security number prior to the commencement of the case.

a.  On February 16, 2017, the Respondents investigated, drafted, prepared, and filed Ms. Jurgens-Schenk's 2017 voluntary petition, thereby commencing her second bankruptcy case.  8:17-bk-01214-KRM.

b.  As the Respondents had represented Ms. Jurgens-Schenk in her 2015 bankruptcy case, the Respondents, along with Ms. Jurgens-Schenk, had actual knowledge of Ms. Jurgens-Schenk's 2015 bankruptcy case filing.

c.  On her original 2017 voluntary petition, and two subsequent amendments to the petition, Ms. Jurgens-Schenk declared that there had not been any bankruptcy filings in the last eight years.[23]

d.  On the Third Amended Voluntary Petition, filed on April 24, 2017, the Respondents finally disclosed Ms. Jurgens-Schenk's prior bankruptcy case filing.[24]

28.  The Respondents represented and filed three bankruptcy cases for the debtor, Robert J. Smith, Jr., in 2010, 2014, and 2017, wherein Mr. Smith executed his voluntary petitions under penalties of perjury.

a.  On January 11, 2017, the Respondents investigated, drafted, prepared, and filed Mr. Smith's third bankruptcy case.  8:17-bk-00189-KRM.

b.  Mr. Smith's 2017 voluntary bankruptcy petition failed to disclose all prior bankruptcy cases filed by Mr. Smith in the last eight years.[25]

c.  The Respondents, along with Mr. Smith, had actual knowledge of Mr. Smith's 2010 and 2014 bankruptcy case filings.

---

[23] Admitted Facts (Doc. No. 63).

[24] *In re Jergens*, 8:17-bk-01214-KRM (Doc. Nos. 1, 13, 14, and 17), amended after the filing, on February 28, 2017, of the United States Trustee's Original Motion, and propounding the Requests for Admissions on April 11, 2017.

[25] Admitted Facts, (Doc. No. 63).

      d.  The Respondents have not corrected the bankruptcy record to correct Mr. Smith's false statement regarding prior bankruptcy case filings.[26]

29.     The Respondents represented and filed four serial bankruptcy cases for the debtor, Eleanor M. Summers in 2010, 2011, 2014, and 2016, wherein Ms. Summers executed her voluntary petitions under penalties of perjury.

      a.  On December 30, 2016, the Respondents investigated, drafted, prepared, and filed Ms. Summers' fourth bankruptcy case.  8:16-bk-11041-FMD.

      b.  Ms. Summers' 2016 voluntary bankruptcy petition failed to disclose all prior bankruptcy cases filed by Ms. Summers in the last eight years.[27]

      c.  The Respondents, along with Ms. Summers, had actual knowledge of Ms. Summers' 2010, 2011, and 2014 bankruptcy case filings.

      d.  The Respondents have not corrected the bankruptcy record to correct Ms. Summers' false statements regarding prior bankruptcy case filings.[28]

    B.   *Respondents' Actual Knowledge from the Debtor's Intake Questionnaire*

30.     On December 30, 2016, the Respondents represented, investigated, drafted, prepared, and filed the instant bankruptcy case for the debtor, Dr. Fiorucci, 8:16-bk-11003-CPM, wherein Dr. Fiorucci executed his voluntary petition under penalty of perjury.

      a.  Prior to filing, the Respondents provided Dr. Fiorucci with an intake questionnaire, upon which Dr. Fiorucci disclosed prior bankruptcy case filings within the last eight years.

      b.  The Respondents had actual knowledge of Dr. Fiorucci's prior bankruptcy case filings within the last eight years.

---

[26] *In re Smith*, 8:17-bk-00189-KRM.
[27] Admitted Facts, (Doc. No. 63).
[28] *In re Summers*, 8:16-bk-11041-FMD.

   c.  Dr. Fiorucci's original 2016 voluntary bankruptcy petition failed to disclose all prior bankruptcy cases filed by Dr. Fiorucci in the last eight years.[29]

   d.  On March 22, 2017, the Respondents appeared before this Court and stated that the *Wallace* Order did not apply to the instant bankruptcy case.

   e.  The Respondents also made an inference at the hearing on March 22, 2017, that untrue, misleading, or false statements executed under penalties of perjury were not so serious.

## III.   VIOLATIONS

*Contempt of the Court's Prior Disciplinary Order*

31.    In the 108 bankruptcy cases that make up the Limited Review period, the Respondents cannot demonstrate that they complied with the *Wallace* Order and conducted a PACER Nationwide Case Locator search on each client prior to filing the bankruptcy case.

32.    The Eleventh Circuit Court of Appeals requires "a finding of civil contempt— willful disregard of the authority of the court—must be supported by clear and convincing evidence."[30] Clear and convincing evidence must establish that:

   a.  the allegedly violated order was valid and lawful;

   b.  the order was clear and unambiguous; and

   c.  the alleged violator had the ability to comply with the order.[31]

33.    The *Wallace* Order is a final, unappealable, valid, and lawful order of this Court disciplining an officer of this Court.

34.    The *Wallace* Order is clear and unambiguous. To the extent that the *Wallace* Order is subject to interpretation, the Eleventh Circuit Court of Appeals holds that the order at

---

[29] Admitted Facts (Doc. No. 63).
[30] *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000).
[31] *Id.*

issue "is subject to reasonable interpretation, though it may not be expanded beyond the meaning of its terms."[32]  The *Wallace* Order's requirement to conduct a PACER Nationwide Case Locator search upon each client prior to commencement of the case is neither unclear, nor vague, nor ambiguous.

35.    The Respondents had and continue to have the ability to comply with the *Wallace* Order.

    a.  the Respondents possess PACER accounts;

    b.  the Respondents are required to obtain their bankruptcy clients' social security number for inclusion on the bankruptcy petition(s); and

    c.  a PACER Nationwide Case Locator search on a social security number takes moments to conduct and costs $0.10 per page.

36.    Respondents, as officers of this Court, are subject to the *Wallace* Order, had a duty and ability to comply, failed in that duty, and are in contempt of the *Wallace* Order.

*Failure to Comply with the*
*Reasonable Inquiry or Reasonable Investigation Requirements of*
*Federal Rule of Bankruptcy Procedure 9011(b)(3) and 11 U.S.C. § 707(b)(4)*

37.    In the Limited Review period, the Respondents, on behalf of their clients, investigated, drafted, prepared, and filed 18 bankruptcy petitions, all of which failed to disclose all prior bankruptcy cases filed within the last eight years.

38.    Federal Rule of Bankruptcy Procedure 9011(b)(3), provides that by signing the bankruptcy petitions, the Respondents are certifying that they have conducted a reasonable inquiry into the facts and that they are certifying that the allegations on the debtors' voluntary

---

[32] *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1289 (11th Cir. 2010)(citations omitted).

bankruptcy petitions, relating to all prior bankruptcy case filings within the last eight years, have evidentiary support.[33]

39.     Due to a continuing perception regarding abuses within the bankruptcy system, Congress enacted 11 U.S.C. § 707(b)(4) to address and regulate attorneys that provide bankruptcy services to consumer debtors.[34]

40.     Bankruptcy Rule 9011(b) requires an attorney to conduct a "reasonable inquiry," whereas section 707(b)(4) mandates that a consumer bankruptcy attorney conduct a "reasonable investigation."

41.     But there is no difference between the applicable standards under the Bankruptcy Rules or the Bankruptcy Code.  This Court's *Wallace* Order defined what constitutes a "reasonable inquiry and investigation" as:

> The duty of reasonable inquiry imposed upon an attorney requires the attorney (1) to explain the requirement of full, complete, accurate, and honest disclosure of all information required of a debtor; (2) to ask probing and pertinent questions designed to elicit full, complete, accurate, and honest disclosure of all information required of a debtor; (3) to check the debtor's responses in the petition and Schedules to assure they are internally and externally consistent; (4) to demand of the debtor full, complete, accurate, and honest disclosure of all information required before the attorney signs and files the petition; and (5) to seek relief from the court in the event that the attorney learns that he or she may have been misled by a debtor.[35]

42.     There is a nuance difference between the application of Bankruptcy Rule 9011 and section 707(b)(4)(C & D).  Bankruptcy Rule 9011 applies to all cases and matters.  Yet section 707(b)(4)(C & D) is only applicable to attorneys filing consumer bankruptcy cases.

---

[33] *Id.*
[34] *See generally Milavetz, Gallop & Milavetz v. U.S.*, 559 U.S. 229, 231-32, 130 S. Ct. 1324 (2010).
[35] Exh. 1 – *Wallace* Order at *5 (*quoting In re Robinson*, 198 B.R. 1017, 1024 (Bankr. N.D. Ga. 1996)(citations omitted)).

43.    Because of this nuance and the prospective mandate of the *Wallace* Order, this

Court provided the Respondents applicable guidance under section 707(b)(4)(C & D):

> A debtor's attorney has a duty, equivalent to that under Fed. R. Bankr. P.
> 9011, to perform a reasonable investigation into the circumstances giving
> rise to the documents before filing them in a chapter 7 case.  For example,
> under new § 707(b)(4)(C), attorneys are subject to an automatic
> certification of meritoriousness, based upon a reasonable investigation, as
> to any "petition, pleading, or written motion" signed by them.
> Furthermore, under new § 707(b)(4)(D), an attorney's signature on a
> client's bankruptcy petition is deemed a representation that "the attorney
> has no knowledge after an inquiry that the information in the schedules
> filed with such petition is incorrect."… Given the requirements…we are
> therefore confident in concluding that a debtor's attorney, who fails to
> conduct any sort of reasonable investigation into facts underlying
> schedules and statements, may be sanctioned.[36]

44.    Not only did Congress, in its enactment of 11 U.S.C. § 707(b)(4), statutorily

correct the fallacy of the Respondents' mis-belief that false statements under penalty of perjury is

not serious, this Court's disciplinary *Wallace* Order foreclosed the Respondents' misconception

on two separate fronts.  First:

> [D]ebtor's counsel are to exercise significant care as to the completeness
> and accuracy of all recitations on their client's schedules, after they have
> made a factual investigation and legal evaluation that conforms to the
> standards applicable to any attorney filing a pleading, motion, or other
> document in a federal court.  The content of a debtor's petition and
> schedules is relied on, and should have the quality to merit that reliance.[37]

And second:

> A bankruptcy attorney cannot be willfully blind to the fact that the
> information he provides this Court is false.  Stated another way:  "Lawyers
> should not be permitted to gain a comptetive advantage in the marketplace
> by lowering their ethical standards…  The lawyer should be something
> more than a mere scrivener for the client.  A lawyer may not take his
> client's word concerning previous bankruptcy filings when it is so easy to

---

[36] Exh. 1 – *Wallace* Order at *5-6 (*quoting Lafayette v. Collins (In re Withrow)*, 405 B.R. 505, 511-12 (1st
Cir. BAP 2009)).  *Wallace* was a chapter 13 case.  But *Wallace* prospectively mandated the Respondents to perform
PACER Nationwide Case Locator searches in all bankruptcy case filings or case conversions, without regard to the
case or conversion being a chapter 7, 11, 12, or 13.  Due to that, the *Wallace* Order's discussion of the application of
11 U.S.C. § 707(b)(4) would not constitute *dicta*.
[37] Exh. 1 – *Wallace* Order at *6 (*quoting In re Robertson*, 370, 804, 809 fn. 8 (Bankr. D. Minn. 2007)).

check the Court's records."  Given the ease in which attorneys can now perform a nationwide search of bankruptcy court records…the failure to conduct a search may well subject a lawyer to sanctions.[38]

45.     Further, the Eleventh Circuit Court of Appeals requires attorneys, prior to filing a paper, to search court records to ascertain the accuracy and veracity of factual allegations and contentions about those court records.[39]

46.     In the Limited Review period, the Respondents filed and presented 18 bankruptcy petitions, whereupon the factual contentions and statements fail to have any evidentiary support regarding past filing history.  Fed. R. Bankr. P. 9011(b)(3).[40]  And under section 707(b)(4)(C & D), the Respondents' filed 18 untrue, misleading, or false certifications on those bankruptcy petitions, where the Respondents falsely certified that the petitions were well grounded in fact and that the Respondents have no knowledge after an inquiry that the petitions are incorrect.[41]

47.     But more egregious under either Rule 9011(b)(3) or section 707(b)(4)(C & D) are the specifically referenced cases of *Jurgens-Schenk, Smith, Summers,* and *Fiorucci*.  In those four cases, the Respondents possessed actual knowledge of their client-debtors' prior bankruptcy case filings.  Yet the Respondents knowingly filed those bankruptcy petitions with untrue, misleading, or false statements regarding all prior bankruptcy case filings.

*Failure to Comply with 11 U.S.C. § 526(a)(2)*

48.     In 2005, due to perceived abuses by consumer bankruptcy providers, Congress also enacted the regulatory statutes governing all debt relief agencies.[42]

---

[38] Exh. 1 – *Wallace* Order at *7 (*quoting Oliver*, 323 B.R. 769, 774 (Bankr. M.D. Ala. 2005)(holding applying Fed. R. Bankr. P. 9011, prior to effective date of BAPCPA's 11 U.S.C. § 707(b)(4) statutory mandate).

[39] *Smith v. FDIC*, 61 F.3d 1552, 1558 (11th Cir. 1995)(*rev'd on other grounds*)("a person has no right to shut his eyes or ears to avoid information, and then say that he has no notice…remaining willfully ignorant of a thing readily ascertainable…the failure to make such inquiry in order to determine the true status of the title to the property described in the recorded instrument would constitute a negligent omission.").

[40] Admitted Facts (Doc. No. 63).

[41] *Id.*

[42] *See generally Milavetz,* 559 U.S. at 231-32.

49.     In accordance with 11 U.S.C. § 526(a)(2), the Respondents, as debt relief agencies,[43] are prohibited from making any statement in a document filed in a bankruptcy case that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by the Respondents to be untrue or misleading.[44]

    a.  Because the debtors' prior bankruptcy filing history was omitted, the Respondents knew or should have known, after the exercise of reasonable care, that the Respondents' own certification of the voluntary petitions were untrue, misleading, or false.

    b.  By not complying with this Court's *Wallace* Order and not conducting a PACER Nationwide Case Locator search on each and every bankruptcy filing, the Respondents failed to exercise reasonable care.

50.     And the Respondents are prohibited under section 526(a)(2) from advising a debtor to make a statement in a bankruptcy case that is untrue or misleading, or that upon the exercise of reasonable care, the Respondents should have known to be untrue or misleading.[45]

51.     The Respondents failed to exercise reasonable care, including but not limited to:

    a.  review their own records of prior bankruptcy case filings;

    b.  review their work product for completeness, accuracy, and veracity;

    c.  test the accuracy and veracity of the information provided by the client;

    d.  insist that their client-debtors, review and correct the Respondents' work product prior to signing it;

    e.  weigh the gravity of their certification on 18 bankruptcy petitions filed during the Limited Review period;

---

[43] Admitted Facts, (Doc. No. 63).
[44] *Id.*
[45] *Id.*

    f.   respect the central tenet of bankruptcy, requiring the debtor lay bare all financial affairs, truthfully, completely, and accurately;

    g.   protect their clients' rights, interests, and objectives against presenting untrue, misleading, or false statements in a bankruptcy case and before this tribunal; and

    h.   comprehend their contempt of this Court's disciplinary *Wallace* Order.

*R. Reg. Fla. Bar 4-3.3(a)*
*Failure of Candor Toward the Tribunal*

52.    Rule Regulating the Florida Bar 4-3.3(a) prohibits an attorney from knowingly making a false statement of law to the tribunal.

53.    Rule Regulating the Florida Bar 4-3.3(a)(1) requires an attorney to correct a false statement of law or fact previously made to the tribunal by the attorney.

54.    To date, the Respondents have not filed any papers attempting to correct the false statement of law or fact regarding the Respondents' contention before this tribunal at the March 22, 2017 hearing that this Court's *Wallace* Order did not apply to the *Fiorucci* case filing.

55.    Further, Rule Regulating the Florida Bar 4-3.3(a)(4) prohibits Attorney Ellis from knowingly offering evidence that Attorney Ellis knows to be false.[46]

56.    In the above specifically referenced cases of *Jurgens-Schenk, Smith, Summers,* and *Fiorucci*, Attorney Ellis, and the Respondents, had actual knowledge of prior bankruptcy case filings, due either to the Respondents actual representation of the debtors in the prior bankruptcy case(s), or through the intake questionnaire(s) that the debtors completed and provided the Respondents.

---

[46] *Id.*

57.    In all four of the specifically referenced cases, the Respondents knowingly presented voluntary bankruptcy petitions that omitted the debtors' prior bankruptcy case filings.

58.    Rule Regulating the Florida Bar 4-3.3(a)(4) further requires Attorney Ellis to take reasonable remedial measures including, if necessary, disclosure to the tribunal relating to any evidence Attorney Ellis presented that he knows to be false.[47]

59.    At some time after April 11, 2017,[48] the Respondents have had actual knowledge that they presented false statements to this tribunal in 18 bankruptcy case filings during the Limited Review period.  But the Respondents have not corrected the factual record in all of those bankruptcy case filings.  Yet Rule Regulating Florida Bar 4-3.3(d) provides that an attorney's duty of candor exists and continues beyond the conclusion of the bankruptcy case.

*R. Reg. Fla. Bar 4-3.3(b)*
*Failure to Avoid Assisting Client in or to Protect Client from Fraudulent Conduct*

60.    Rule Regulating the Florida Bar 4-3.3(b), requires Attorney Ellis to take reasonable remedial measures, including, if necessary, disclosure to the tribunal relating to any evidence that Attorney Ellis presented to avoid assisting in a criminal or fraudulent act relating to the proceeding.[49]

61.    Attorney Ellis and the Respondents have filed and presented untrue, misleading, or false statements misrepresenting their clients' true filing history in 18 bankruptcy cases during the Limited Review period.

62.    Due to the Respondents failure to conduct a reasonable inquiry and investigation, and exercise reasonable care by testing the accuracy and veracity of the clients' disclosures, complying with the *Wallace* Order, or even correcting the record in all debtors' serially filed

---

[47] *Id.*
[48] The United States Trustee propounded his Request for Admissions upon the Respondents on April 11, 2017.
[49] Admitted Facts, (Doc. No. 63).

cases, the Respondents have failed to adequately protect the rights, interests, and objectives of their client-debtors to obtain bankruptcy relief without undue exposure to civil or criminal liability for fraudulent conduct which is prejudicial to the administration of justice and in violation of title 11, title 18, and the Rules Regulating the Florida Bar.

## IV.    REMEDIES

*Voiding of the Contract(s) and Disgorgement(s) and Refund(s)*

63.    Sections 329, 526, and 707(b)(4),  all require that, after notice and opportunity for hearing, should this Court find the Respondents either negligently or intentionally failed to comply with duties and obligations as attorneys or a debt relief agency, then the contracts for such services are void and all fees and expenses are to be refunded or disgorged.[50]

64.    There exists clear evidence of the Respondents' negligent failure to comply with the requirements of section 526 and negligent disregard of the material provisions of title 11.

65.    Further, there exists clear evidence of the Respondents' contempt of this Court's disciplinary *Wallace* Order.

66.    A refund of all fees and expenses, to wit: $2,410.00, should be ordered in the *Fiorucci* case.  But as Dr. Fiorucci was complicit in the untrue or misleading statements in his case, the refund should be directed to Dr. Fiorucci's chapter 7 bankruptcy estate for the benefit of his creditors rather than as a windfall to Dr. Fiorucci.[51]

67.    The United States Trustee preserves and does not waive his right to seek the voiding of all contracts, refunds, and disgorgements in all other cases filed by the Respondents

---

[50] *See specifically* 11 U.S.C. § 526(c)(1).
[51] Chapter 7 Trustee Joji Takada as trustee in the bankruptcy case of *In re Fiorucci*, 14-23560 (Bankr. N.D. Ill.).  Such windfall may none the less occur as Dr. Fiorucci's chapter 7 bankruptcy estate may have excess funds payable back to the debtor under 11 U.S.C. § 726(a)(6).  At this time, it is too early to tell though.

after June 29, 2012,[52] wherein the Respondents failed to comply with the *Wallace* Order or failed to disclose all prior bankruptcy case filings within the last eight years.

*Suspension from Practice before the Bankruptcy Court*

68.    Attorney Ellis and the Respondents are in contempt of a prior disciplinary order of this Court and presented numerous bankruptcy petitions to this Court containing untrue, misleading, or false statements relating to prior bankruptcy case filings.

69.    Contrary to the express language of this Court's prior disciplinary *Wallace* Order, there exists clear evidence that the Respondents have engaged in a clear and consistent pattern or practice of failing to comply with the *Wallace* Order.

70.    Fla. Stds. Imposing Law. Sancs. 6.12 provides that:

> Suspension is appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action.

71.    And Fla. Stds. Imposing Law. Sancs. 6.22 provides that:

> Suspension is appropriate when a lawyer knowingly violates a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.

72.    Likewise, Fla. Stds. Imposing Law. Sancs. 7.2 provides that:

> Suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.

73.    Finally, Fla. Stds. Imposing Law. Sancs. 8.2 provides that:

> Suspension is appropriate when a lawyer has been publicly reprimanded for the same or similar conduct and engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

---

[52] The entry date of this Court's disciplinary *Wallace* Order.

74.     Fla. Stds. Imposing Law. Sancs. 9.2 provide a non-exhaustive list of aggravating factors.  Those listed aggravating factors present here include:

      a.   Prior disciplinary offenses.

      b.   Multiple offenses.

      c.   Submission of false statements or other deceptive practices.

      d.   Refusal to acknowledge wrongful nature of conduct.

      e.   Substantial experience in the practice of bankruptcy law.

      f.   Indifference.

75.     Fla. Stds. Imposing Law. Sancs. 9.3 provide a non-exhaustive list of mitigating factors.  Those listed mitigating factors present here include:

      a.   Absence of dishonest or selfish motive.

      b.   Character and reputation.

76.     Likewise, 11 U.S.C. § 526(c)(5) provides a clear basis for discipline.[53]  Under section 526(c)(5), the Respondents have demonstrated a clear and consistent pattern or practice of violating 11 U.S.C. § 526(a)(2).[54]

77.     On the facts as presented by this Amended Motion, the United States Trustee seeks a suspension of Attorney Ellis for six (6) months with a showing of rehabilitation and fitness to practice prior to reinstatement.[55]

78.     The United States Trustee would seek a showing of rehabilitation to include Attorney Ellis' completion of:  (1) several readings on best practices; (2) the Florida Bar's Ethics

---

[53] *Parker*, 485 Fed. Appx. at 992( bankruptcy court has the "authority [to sanction attorneys] include[ing] the authority to disbar.").

[54] *In re Attorney and Debt Relief Agency*, 2013 WL 6036844 at *2 (Bankr. M.D. Fla., Nov. 13, 2013)(Delano, J.)(finding a clear and consistent pattern or practice over nine (9) case filings); *but see In re Walker*, 8:10-bk-08460-CPM, Doc. No. 90 *unpub. opin.* at *4 (Bankr. M.D. Fla., Feb. 4, 2014)(McEwen, J.)(errors in a single case filing do not rise to a clear and consistent pattern or practice for section 526(c)(5)).

[55] *See* Bankr. L.R. 2090-2; *see also* Dis. L.R. 2.04.

School; (3) an on-site DDCS Administrative Management Review of the law firm practices, policies, and procedures; and (3) an additional 12 hours of continuing legal education course work in practice management and consumer bankruptcy practice. Additionally, Attorney Ellis and the Respondents would need to demonstrate that office policies and procedures have been created and put in place to ensure compliance with best practices and with sections 526-28, 707(b)(4)(C & D) and Rule 9011(b) in all future filings.

79. Upon reinstatement, the United States Trustee further seeks continuation of the *Wallace* Order and an injunction against the Respondents from further violating 11 U.S.C. §§ 526-28 and 707(b)(4) in all future bankruptcy case filings.

*Civil Penalties to the United States Trustee*

80. 11 U.S.C. § 526(c)(5) further provides that:

> In addition to any other remedy provided…if the court…on motion of the United States trustee…finds that a person…engaged in a clear and consistent pattern or practice of violating this section [11 U.S.C. § 526], the court may—(B) impose an appropriate civil penalty against such person.

81. The Amended Motion presents evidence of the Respondents' clear and consistent pattern or practice of violating 11 U.S.C. § 526(a)(2) by filing multiple bankruptcy cases without disclosing all prior bankruptcy case filings.

82. This is not the first offense of violating section 526(a)(2) on this very issue, to wit: the failure to disclose all prior bankruptcy case filings.

83. Likewise, section 707(b)(4)(B) provides:

> If the court finds that the attorney for the debtor violated rule 9011 of the Federal Rules of Bankruptcy Procedure, the court…in accordance with such procedures, may order—
>   (i)    the assessment of an appropriate civil penalty against the attorney for the debtor; and
>   (ii)   the payment of such civil penalty to the…United States trustee.

84.     The Amended Motion presents evidence of the Respondents' clear failure to conduct a reasonable inquiry resulting in a lack of evidentiary support for statements made on bankruptcy petitions in the 18 cases filed during the Limited Review period.

85.     The Amended Motion further evidences that the Respondents are in contempt of this Court's disciplinary order entered in *Wallace* in June of 2012.

86.     The Respondents have demonstrated a censurable disregard for the applicable legal rules and procedures wherein a debtor must lay bare, truthfully, completely, and accurately all required disclosures under the Bankruptcy Code and Rules.

87.     The Respondents failed to protect their clients' rights, interests, and objectives by disregard of the simple tenant surrounding statements made under penalties of perjury.  The Respondents' disregard places their clients in jeopardy and demonstrates a disregard of the integrity of the bankruptcy system.

88.     In accordance with 11 U.S.C. § 526(c)(5) and 11 U.S.C. § 707(b)(4)(B)the United States Trustee requests under both, an assessment of an appropriate civil penalty of $5,000.00 to the United States Trustee.

WHEREFORE the United States Trustee respectfully prays that this Honorable Court grant the Amended Motion and enter an order:

      a.  finding the Respondents in contempt of this Court's disciplinary order against the Respondents as entered in Wallace on June 29, 2012;

      b.  directing the Respondents to refund and disgorge all fees and expenses paid by Dr. Fiorucci to the chapter 7 trustee administering Dr. Fiorucci's chapter 7 case in the United States Bankruptcy Court for the Northern District of Illinois;

c.   directing the Respondents to pay civil penalty of $5,000.00 to the United States Trustee;

d.   suspending Attorney Ellis and the Respondents for six (6) months with reinstatement upon a showing of rehabilitation; compliance with the refund, disgorgement, and civil penalty payments; and demonstrating fitness to practice; and

e.   as rehabilitation, directing Attorney Ellis to:

    i.   complete certain readings in bankruptcy best practices;

    ii.   an on-site consultation with the Florida Bar's DDCS Administrative Management Review;

    iii.   create law firm policies and procedures implementing consumer bankruptcy best practices, for comment and review, and train his law firm staff on the new policies, and procedures;

    iv.   attend and complete the Florida Bar's Ethics School; and

    v.   attend and complete 12 hours of in-person continuing legal education in practice management and consumer bankruptcy practice;

f.   upon reinstatement, a prospective injunction against the Respondents from further violating 11 U.S.C. §§ 526-28 and 707(b)(4) in all future bankruptcy case filings; and

g.   for such other and additional relief as this Court determines appropriate under these premises.

Dated:  15 June 2017

Respectfully submitted,

GUY G. GEBHARDT
Acting United States Trustee-Region 21

Cynthia A. Burnette
Assistant U.S. Trustee

By:     /s/ J. Steven Wilkes (Ala. Bar. No. WIL-278)
Trial Attorney
U.S. Department of Justice
Office of the U.S. Trustee, Region 21
501 East Polk St., Suite 1200
Tampa, Florida 33602
(813) 228-2000 / fax (813) 228-2303
steven.wilkes@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served on or before 15 June 2017

Richard Victor Ellis
4639 Guava Ct
Sarasota, FL 34234-3545

Jonathan Edward Hausburg
Hausburg & Ellis, P.A.
3202 N. Tamiami Trl
Sarasota, FL 34234-5862

Richard V. Ellis, Registered Agent
Richard V. Ellis, P.A.
3203 N. Tamiami Trl
Sarasota, FL 34234

by Electronic Mail on the following:

Richard V. Ellis, Respondent
Jon Waage, Chapter 13 Trustee
David P. Lloyd, Debtor's Counsel (N.D. Illinois, 14-235460) courtdocs@davidlloydlaw.com
Joji Takada, Chapter 7 Trustee (N.D. Illinois, 14-23560) trustee@takadallc.com
Patrick Layng, United States Trustee for Region 11 steve.g.wolfe@usdoj.gov

/s/ J. Steven Wilkes
Trial Attorney