## UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

In re:                                              Case No.:   9:12-bk-07216-JPH
**ROBERT CLAYTON WALLACE, JR.**
**DIANE GENAIL WALLACE**
                    Debtor(s).                      Chapter:   13
_____/

### ORDER ON
### UNITED STATES TRUSTEE'S MOTION FOR EXAMINATION OF THE
### SERVICES RENDERED BY, AND DISGORGEMENT OF THE FEES PAID TO
### RICHARD V. ELLIS, AS ATTORNEY FOR THE DEBTORS
### and
### ORDER OF DISGORGEMENT IN THE AMOUNT OF $500.00

THIS CASE comes before this Court on June 20, 2012 at 3:00 p.m. for consideration of the United States Trustee's Motion for Examination of the Services Rendered by and for Disgorgement of the Fees Paid to Richard V. Ellis as Attorney for the Debtors. (Doc. No. 11). Present for the hearing was: J. Steven Wilkes, Trial Attorney on behalf of the United States Trustee for Region 21; and Richard V. Ellis on behalf of himself.

This Court has jurisdiction over this core proceeding contested matter pursuant to 28 U.S.C. §§ 157(a); 157(b)(2)(A, B, and O); and 1334 and the standing order of reference. Venue of this action is proper pursuant to 28 U.S.C. §§ 1406, 1408, and 1409. This contested matter is governed statutorily by 11 U.S.C. §§ 105(a), 329, 330, 526, 527, 528, 707(b)(4) and procedurally in accordance with Fed. R. Bankr. P. 2016, 2017, 9013, and 9014. The following narrative provides the undisputed facts in this case.

### *Findings of Fact*

Mr. Ellis is a licensed attorney, duly admitted to practice in the United States District and Bankruptcy Courts for the Middle District of Florida and has been actively

representing clients in bankruptcy before this Court for over for over twenty (20) years and has approximately 3,900 bankruptcy cases and adversary proceedings associated with him.  Presently, Mr. Ellis has approximately 500 bankruptcy cases and adversary proceedings pending in this Court.

The normal office procedures for Mr. Ellis includes conducting an initial conference with the potential debtor-client.  If it is determined that a bankruptcy petition filing is necessary or required under the potential debtor-client's financial situation, the law firm will schedule a meeting for the debtor-client with a paralegal and provide the debtor-client with a packet to fill out in advance of that meeting.  In that intake questionnaire packet, the client-debtor is asked specific questions in regards to whether or not the client-debtor has had any prior bankruptcy cases within the last eight years.

After 3,900 cases over 20 years, Mr. Ellis had no memory of a client incorrectly answering the question about prior filings.  The question of prior filings was considered informational and routine and one in which the client would have little incentive to misrepresent, particularly given the obvious computer record upon refiling.  Accordingly for Mr. Ellis, the answer his clients provided him in this case presented nothing to place his office on notice of the need to do further inquiry.  Had Mr. Ellis' client provided him answers were internally or externally inconsistent, then further inquiry would certainly have been made by his office.  Due to this, neither the paralegal nor Mr. Ellis question the information provided by the client-debtor on the intake questionnaire packet.  Mr. Ellis does not conduct any search of PACER, using the client-debtor's name or social security

number, to test the accuracy and veracity of the information provided by the client-debtor on the intake questionnaire packet.

That brings this Court to these particular debtors. Prior to this instant case, Mr. Robert Wallace commenced a voluntary petition for bankruptcy relief on October 27, 2004. *See In re Robert C. Wallace, Jr.*, 9:04-bk-20956-ALP. In that prior case, Mr. Wallace was represented by Mr. Carmen Dellutri as debtor's counsel. This Court granted Mr. Wallace a chapter 7 discharge under Section 727(a) on February 19, 2005.

Mr. and Mrs. Wallace retained the legal services of Mr. Ellis for consultation regarding bankruptcy relief and preparation of a petition in bankruptcy in early 2012. Pre-petition, Mr. and Mrs. Wallace paid Mr. Ellis $1,806.00 for attorney compensation and expenses relating to relief under the bankruptcy law or preparation of the petition in bankruptcy. Using Mr. and Mrs. Wallace's intake questionnaire packet, Mr. Ellis drafted and prepared the bankruptcy petition, Official Form 1, for execution by Mr. and Mrs. Wallace under penalty of perjury. On May 9, 2012, Mr. and Mrs. Wallace executed their bankruptcy petition, Official Form 1. Mr. Ellis proceeded to file their bankruptcy petition with this Court through his CM/ECF login and password, thereby commencing the instant bankruptcy case as one proceeding under chapter 7 on May 9, 2012.

Mr. and Mrs. Wallace, on page two of their Official Form 1, Voluntary Petition, declared under penalty of perjury that neither debtor had filed a bankruptcy case within the last eight (8) years preceding the commencement of the case. Due to the statutory prohibition under Section 727(a)(8), title 11, United States Code, the United States Trustee moved to deny Mr. Wallace a discharge as Mr. Wallace is ineligible to obtain a

chapter 7 discharge. (Doc. No. 10). Contemporaneously, the United States Trustee moved to examine the services rendered by and fees paid to Mr. Ellis asserting that Mr. Ellis failed to conduct a reasonable inquiry and investigation in the preparation of his clients' bankruptcy petition. (Doc. No. 11). In response, the Debtors converted their case to one under chapter 13.

### *Discussion*

The conduct of an attorney who files a petition in bankruptcy is governed not only be Fed. R. Bankr. P. 9011; but also, after the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, is now statutorily governed by 11 U.S.C. §§ 329, 526, 527, 528, and 707(b)(4)(A-D). These provisions now prescribe a certain level of conduct an attorney must demonstrate in representing debtors in bankruptcy cases. Section 707(b)(4)(C) and Rule 9011 provides that the signature of an attorney on a bankruptcy petition is a certification by that attorney unto the bankruptcy court and the parties that the attorney has independently verified and determined that: the attorney has conducted a reasonable inquiry and investigation under the circumstances that gave rise to the necessity for filing the bankruptcy petition; the factual basis of the petition is well grounded in fact and warranted by existing law; and finally, the bankruptcy filing is not presented for any improper purposes, including but not limited to harassment, unnecessary delay, or needless increase in litigation cost. Section 707(b)(4)(D) further provides that an attorney's signature on the petition constitutes a certification that the attorney has conducted an independent inquiry and investigation in regards to the

information contained in the schedules and statements and that the attorney has no

knowledge that the facts contained therein are inaccurate.

The question presented herein is whether Mr. Ellis violated these provisions when he

filed Mr. Wallace's serial bankruptcy petition wherein Mr. and Mrs. Wallace failed to

disclose all prior cases and Mr. Ellis did not conduct any inquiry or investigation to test

the accuracy and veracity of those sworn statements.  Mr. Ellis stated at the hearing that

he and his law firm rely solely upon the client's answers and information provided in

preparation of the petition, schedules, and statements for the commencement of the case.

Asked another way is what is the requisite reasonable inquiry and investigation debtors'

counsel must conduct in the post-BAPCPA bankruptcy arena.  A reasonable inquiry and

investigation necessarily begins with the intake information provided by a client to

bankruptcy counsel, but such reasonable investigation does not end there.

> The duty of reasonable inquiry imposed upon an attorney requires the attorney (1) to explain the requirement of full, complete, accurate, and honest disclosure of all information required of a debtor; (2) to ask probing and pertinent questions designed to elicit full, complete, accurate, and honest disclosure of all information required of a debtor; (3) to check the debtor's responses in the petition and Schedules to assure they are internally and externally consistent; (4) to demand of the debtor full, complete, accurate, and honest disclosure of all information required before the attorney signs and files the petition; and (5) to seek relief from the court in the event that the attorney learns that he or she may have been misled by a debtor.

*See In re Robinson*, 198 B.R. 1017, 1024 (Bankr. N.D. Ga. 1996)(citations omitted).

Furthermore, the First Circuit Bankruptcy Appellate Panel has stated that:

> A debtor's attorney has a duty, equivalent to that under Fed. R. Bankr. P. 9011, to perform a reasonable investigation into the circumstances giving rise to the documents before filing them in a chapter 7 case.  For example,

under new § 707(b)(4)(C), attorneys are subject to an automatice
certification of meritoriousness, based upon a reasonable investigation, as
to any "petition, pleading, or written motion" signed by them.
Furthermore, under new § 707(b)(4)(D), an attorney's signature on a
client's bankruptcy petition is deemed a representation that 'the attorney
has no knowledge after an inquiry that the information in the schedules
filed with such petition is incorrect.'... Given the requirements...we are
therefore confident in concluding that a debtor's attorney, who fails to
conduct any sort of reasonable investigation into facts underlying
schedules and statements, may be sanctioned.

*Lafayette v. Collins (In re Withrow)*, 405 B.R. 505, 511-12 (1st Cir. BAP 2009). The

legislative intent behind the heightened statutory obligations debtors' counsel must

adhere to under BAPCPA is clear:

[D]ebtors' counsel are to exercise significant care as to the completeness
and accuracy of all recitations on their client's schedules, after they have
made a factual investigation and legal evaluation that conforms to the
standards applicable to any attorney filing a pleading, motion, or other
document in a federal court. The content of a debtor's petition and
schedules is relied on, and should have the quality to merit that reliance.

*See In re Robertson*, 370 804, 809 fn. 8 (Bankr. D. Minn. 2007); *see also In re Nosek*,

386 B.R. 374, 381 (Bankr. D. Mass. 2008).

The United States Trustee argued that Mr. Ellis could have conducted an inquiry

and investigation into the information Mr. and Mrs. Wallace had provided to ensure the

accuracy and veracity of the information. A nationwide inquiry through PACER Case

Locator on a social security number is not only quick, it is also inexpensive and provides

nationwide results. The United States Trustee cites to *In re Oliver*, 323 B.R. 769, 773

(Bankr. M.D. Ala. 2005) in support of his position that Mr. Ellis did not conduct a

reasonable inquiry into the accuracy and veracity of his clients' sworn statements

presented to this Court. On strikingly similar facts, the Honorable William Sawyer held

in Oliver that a "lawyer who fails to consult the Court's electronic records has not

conducted an adequate inquiry." *Id.*[1] These cases have all rejected a lawyer's contention

that he is entitled to rely upon the uncorroborated word of his client. A bankruptcy

attorney cannot be willfully blind to the fact that the information he provides this Court is

false. Stated another way:

> Lawyers should not be permitted to gain a competitive advantage in the
> marketplace by lowering their ethical standards... The lawyer should be
> something more than a mere scrivener for the client. A lawyer may not
> take his client's word concerning previous bankruptcy filings when it is so
> easy to check the Court's records.

*See Oliver*, 323 B.R. at 774. Given the ease in which attorneys can now perform a

nationwide search of bankruptcy court records, via PACER Case Locator, the failure to

conduct a search may well subject a lawyer to sanctions. *See Oliver*, 323 B.R. at 773.

The omission and inaction of Mr. Ellis in failing to test the veracity and accuracy

of his client's sworn statements prior to filing it with this Court and failing to conduct a

reasonable inquiry and investigation into the financial situation, which includes the

clients' prior bankruptcy history, has unnecessarily and needlessly increased the costs

associated with the administration of this bankruptcy case, unnecessarily delayed the

administration of Mr. and Mrs. Wallace's bankruptcy case, and has unwarrantedly

---

[1] *See In re Burt*, 179 B.R. 297, 303 (Bankr. M.D. Fla. 1995)("an attorney who signs a pleading may not rely on previous counsel to satisfy his own obligation to perform a reasonable inquiry"); *In re Weaver*, 307 B.R. 834, 844-45 (Bankr. S.D. Miss. 2002); *In re Bailey*, 321 B.R. 169, 179 (Bankr. E.D. Pa. 2005)("Given the requirement that the petition identify all cases filed within the last [eight] years... I believe a PACER search should be done by every lawyer prior to filing a petition...failure to further investigate the client's bankruptcy history is inexcusable."); *In re Armwood*, 175 B.R. 779, 789 (Bankr. N.D. Ga. 1994)("Awareness of the prior cases filed by the Debtor should have prompted Debtor's attorney to engage in a thorough and conscientious pre-filing investigation."); *In re Bono*, 70 B.R. 339, 344 (Bankr. E.D.N.Y. 1987)(an attorney is not entitled to rest on what his client told him when there are reasonable sources available through which to corroborate); *see also In re Casey*, 9:11-bk-13842-JPH, *unpub. opin.*, Doc. No. 28 (Bankr. M.D. Fla. Oct. 7, 2011).

jeopardized the Debtors' ability to obtain a chapter 7 discharge. Mr. Ellis' argument that he relied upon his clients' intake questionnaire information packet fails to carry weight with this Court in the face of Mr. Ellis' statutory duty and obligation to conduct his own independent reasonable inquiry and investigation into the accuracy and veracity of the information he is provided this Court through his clients' sworn statements.

### *Conclusion*

This Court determines upon the foregoing recitation of undisputed facts and discussion of the applicable law that Mr. Ellis failed to conduct a reasonable inquiry and investigation into the factual circumstances that gave rise to the need for bankruptcy relief. The arguments and statements made by Mr. Ellis do not weigh in mitigation of any sanctions that this Court may impose. Sanctions may be imposed for the purpose of deterrence, compensation, and punishment. *See generally, Aetna Insurance Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir. 1992).

The omissions and inactions of Mr. Ellis inherent in this case go to the very core of the integrity of the bankruptcy system, which is that a debtor must furnish the Court, trustee, and the parties with accurate, full, and complete disclosure of the debtors' financial condition. Neither the debtors nor debtors' counsel is entitled to omit information or provide partial information simply because, in their view, the information omitted is of inconsequential importance or the information that is provided, in their view, is sufficient. Like the case of Oliver, the United States Trustee at the hearing seeks sanctions in the amount of $500.00 and prospective relief of requiring Mr. Ellis to conduct a nationwide PACER Case Locator search on every clients' case prior to the

commencement of the case and prior to conversion of a case to chapter 7. This Court concludes that the disgorgement sanction sought, together with the prospective relief, is reasonably sufficient sanction for the purpose of deterring the attorney conduct complained of in this matter, is not unduly burdensome upon Mr. Ellis, and is not so severe as to be punitive.

Accordingly, upon the foregoing and for good cause found, **IT IS ORDERED, ADJUDGED,** and **DECREED** that:

1. The United States Trustee's Motion for Examination of the Services Rendered by, and Disgorgement of the Fees Paid to Richard V. Ellis, as Attorney for the Debtors, (Doc. No. 11), be and is hereby **GRANTED** as follows;

2. In accordance with 11 U.S.C. §§ 105(a), 329(b)(1), 527, and 707(b)(4)(A-D), Mr. Richard V. Ellis **SHALL IMMEDIATELY DISGORGE $500.00** by certified funds or law firm trust account check to Jon Waage, P.O. Box 25001, Bradenton, FL 34206-5001, to be administered as additional disbursements for the benefit of the bankruptcy estate creditors;

3. Mr. Richard V. Ellis, and his law firm, its partners, associates, and attorneys be and are hereby **PROSPECTIVE ORDERED** and **DIRECTED** to conduct nationwide PACER Case Locator searches on each and every bankruptcy clients' social security number(s) prior to filing a bankruptcy petition and/or prior to filing any motion to convert a case to chapter 7 and/or prior to filing any notice of conversion of a case to chapter 7;

4.  This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation or enforcement of this Order;

5.  This Order shall be valid and effective immediately upon its entry;[2]

6.  This Order shall stay in full force and effect until further order of this Court.

**DONE** and **ORDERED** in Chambers on _____June 29, 2012_____.


_____
**JEFFERY P. HOPKINS**
United States Bankruptcy Judge


Copies Furnished to:
Debtors, Debtors' Counsel,
Chapter 13 Trustee, U.S. Trustee



Order Agreed to by:

DONALD F. WALTON
United States Trustee, Region 21

By:  /s/ J. Steven Wilkes
Trial Attorney (Ala Bar No WIL-278)
U.S. Department of Justice
Office of the U.S. Trustee, Region 21
501 E. Polk St., Ste. 1200
Tampa, FL 33602
(813) 228-2000 / fax (813) 228-2303

_____
Richard V. Ellis
Hausburg & Ellis, P.A.
3202 North Tamiami Trail
Sarasota, FL 34234
(941) 351-9111 / fax 941-351-9804

---

[2] *See Sunbelt Developers, Inc. v. Northern (In re International Administrative Services, Inc.)*, 408 F.3d 689, 700 (11th Cir. 2005)("[A] court's order is complete when made, not when it is reduced to paper and entered on the docket.")

Page **10** of 10